IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JULIUS SMITH,

    Plaintiff,

v.                                                         CASE NO. 1:11-cv-52-MP-GRJ

MICHAEL J ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion To Remand. (Doc. 16.) Defendant requests the Court to remand this case to the Commissioner for further proceedings. Pursuant to Local Rule 7.1(B), counsel for Defendant represents that he has conferred with counsel for Plaintiff and that Plaintiff does not object to the relief requested.

Sentence four of 42 U.S.C. § 405(g) provides in relevant part that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The Commissioner advises that agency counsel has consulted with the Appeals Council of the Social Security Administration because of an overlap between a September 2010 decision of an ALJ with an October 2009 decision of another ALJ. The problem stems from the fact that there were two separate applications, one of which was remanded for further proceedings. On remand the ALJ's decision on the first

application encompassed the time period covered in the ALJ's decision on the second application. The ALJ's decision on the second application is the decision challenged in this case.

Essentially, the following is what occurred. Plaintiff filed an application for disability benefits on December 8, 2003 (the "First Application.") On January 10, 2007, after conducting an administrative hearing, an ALJ issued an unfavorable decision. Plaintiff appealed the decision to the United States District Court for the Middle District of Florida. On March 24, 2010 the undersigned (while he was a magistrate judge in the Middle District of Florida) entered an order pursuant to sentence four of 42 U.S.C. § 405(g) remanding the case to the Commissioner for further proceedings because the ALJ had posed an incomplete hypothetical to the vocational expert.[1] On remand a further administrative hearing was conducted and on September 22, 2010 an ALJ issued an unfavorable decision finding that Plaintiff was not disabled from July 26, 2004 through September 22, 2010. Plaintiff's request for review of the ALJ's September 22, 2010 decision is still pending before the Appeals Council.

On January 23, 2007 – several weeks after the ALJ issued his unfavorable decision on Plaintiff's First Application – Plaintiff filed a second application for disability, disability insurance benefits and supplemental security income. (the "Second Application.") After conducting an administrative hearing a different ALJ entered an unfavorable decision on October 13, 2009 finding that Plaintiff was not disabled from January 11, 2007 to October 13, 2009. The denial of the Second Application is the

---

[1] *See.* Doc. 20, Case No. 5:08-cv-386-Oc-GRJ (M.D. Fla. March 24, 2010).

decision Plaintiff challenges in this case.

The problem is that there are two decisions from different ALJ's both of which overlap in the relevant time period. The September 22, 2010 decision covers the time period from July 26, 2004 through September 22, 2010 and the October 13, 2009 decision covers the time period from January 11, 2007 to October 2009, thus, creating a possibility of a conflict between the two decisions. At the administrative level despite the fact that Plaintiff requested the Appeals Council to consolidate the two applications the Appeals Council has not yet done so.

Because of this problem counsel for the Commissioner has consulted with the Appeals Council, which has reconsidered the issue and concluded that remand is appropriate under sentence four to assume jurisdiction over this case, consolidate Plaintiff's first and second applications and issue a new decision or remand the consolidated case to an ALJ for further proceedings if necessary.

Accordingly for these reasons, it is respectfully **RECOMMENDED** that Defendant's Motion To Remand (Doc. 16) should be **GRANTED**, and this action should be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner.  On remand the Commissioner should consolidate Plaintiff's first and second applications for disability benefits and issue a new decision on the consolidated applications or remand the consolidated case to an administrative law judge for further proceedings, if necessary.  The Clerk should be directed to enter final

judgment accordingly, terminate any pending motions, and close the file.

At Gainesville, Florida, this 6th day of July 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**